IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LATOSHA MAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 5105 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff LaTosha Mayes ("Plaintiff") brings this action against Defendant Walgreen, Co. ("Defendant" or "Walgreens") alleging that she was discharged from her employment with Defendant as a pharmacist in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Defendant now moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's complaint. For reasons stated below, this motion is DENIED.

**BACKGROUND**

Plaintiff began working for Defendant around 1998. Compl. ¶ 6. In 2003, she was promoted to a position as a pharmacist. *Id.* at 7. In August 2006, Plaintiff left work early twice to care for her sick child. *Id.* at 13-21. In September 2006, Plaintiff stayed home from work twice as a result of migraine headaches. *Id.* at 27, 29. Plaintiff was fired by Defendant on September 13, 2006. *Id.* at 30.

In October 2005, Plaintiff and her husband filed for Chapter 13 bankruptcy. Bankr. Petition No. 05-60031, Dkt. 1. In September of 2006, when Plaintiff was fired from her job, the bankruptcy proceedings were pending in the United States Bankruptcy Court for the Northern

1

District of Illinois. On December 8, 2006, Plaintiff and her husband moved the bankruptcy court to modify their Chapter 13 plan to defer a default and to lower their monthly plan payments. Dkt. 39-40. Plaintiff and her husband explained that "since the confirmation of the plan, the Debtors have experienced certain unforeseen financial problems which have caused making their Trustee payments extremely difficult. Specifically, Mrs. Mayes was downsized from her job September 2006." *Id.* The bankruptcy court lowered the plan payments.

On October 11, 2007, Plaintiff and her husband converted their Chapter 13 plan to Chapter 7 bankruptcy. Dkt. 48. On February 6, 2008, Plaintiff and her husband were granted a Chapter 7 discharge to their debts. Dkt. 62-63. Seven months later (and nearly two years after her cause of action accrued), on September 8, 2008, Plaintiff filed her complaint in this case. Plaintiff does not dispute that she did not list her FMLA claim against Defendant as an asset in any of her bankruptcy filings. Defendant claims that Plaintiff's FMLA claim should therefore be barred by the doctrine of judicial estoppel, and moves to dismiss.

**LEGAL STANDARD**

On a motion to dismiss for failure to state a claim upon which relief can be granted, the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 493 (7th Cir. 1998) (citation omitted). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed pursuant to Rule 12(b)(6) unless it fails it provide fair notice of what the claim is and the grounds upon which it rests or it is apparent from the face of the complaint that under no plausible facts may relief be granted. *St. John's United Church of Christ v. City of Chicago*, 502

F.3d 616, 625. Although "[a]ll the complaint need do to withstand a motion to dismiss for failure to state a claim is outline or adumbrate a violation of the statute or constitutional provision upon which the plaintiff relies and connect the violation to the named defendants," *Christensen v. County of Boone, Illinois*, 483 F.3d 454, 459 (7th Cir. 2007) (quoting *Brownlee v. Conine,* 957 F.2d 353, 354 (7th Cir.1992) (internal citations and quotation marks omitted)), surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007); *see also Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (citing *Twombly*).

## ANALYSIS

Under Section 541 of the Bankruptcy Code, a bankruptcy estate is comprised of property including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Plaintiff's FMLA cause of action had not yet accrued when she and her husband filed for Chapter 13 bankruptcy in October 2005. However, Section 541 also defines as part of the bankruptcy estate any "interest in property that the estate acquires *after* the commencement of the case." 11 U.S.C. § 541(a)(7) (emphasis added); *see also* 11 U.S.C. § 1306 ("Property of the estate includes, in addition to the property specified in section 541 of this title - - (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 . . ."). A debtor has a continuing duty to disclose her assets and must amend her pleadings whenever circumstances change. *See, e.g., Ajaka v. Brooksamerica Mortgage Corp.,* 453 F.3d 1339, 1344 (11th Cir. 2006)(Where debtor failed to amend plan to reflect contingent Truth-in-Lending claim, the Court emphasized: "The duty to disclose is a continuing one that

3

does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change."); *In re Superior Crewboats, Inc.,* 374 F.3d 330, 335 (5th Cir.2004) (Bankruptcy Code and Rules impose upon debtors an affirmative duty to disclose all assets, including contingent and unliquidated claims); *Jaeger v. Clear Wing Productions, Inc.*, 465 F.Supp.2d 879, 882 (S.D.Ill. 2006) (summarizing cases). Thus, in September 2006, the bankruptcy estate in Plaintiff's Chapter 13 case would have included her potential FMLA claim, and Plaintiff was obliged to report the claim as an asset, but she never made it known to the bankruptcy court.

Defendant argues that the doctrine of judicial estoppel therefore bars Plaintiff from asserting her FMLA claim in this Court, because she failed to declare the claim as an asset during bankruptcy proceedings. Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). In this context, judicial estoppel prevents a debtor from obtaining an unfair advantage by inconsistently asserting that a cause of action does not exist but later recovering on the same claim after debts have been discharged. *Thompson v. O'Bryant*, No. 08 C 68, 2008 WL 1924954 at *2 (N.D. Ill. April 30, 2008). The purpose of the doctrine is to protect "the integrity of the judicial process." *Hampshire*, 532 U.S. at 749.

The Seventh Circuit has held that "a debtor in bankruptcy who denies owning an asset, including a chose [*sic*] in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). In *Cannon-Stokes*, at the same time that Plaintiff was pursuing an administrative claim for damages against her former employer, she filed a Chapter 7 bankruptcy petition asserting that she had no assets,

expressly denying that she had any valuable legal claims. The Seventh Circuit held that because the plaintiff had obtained a valuable benefit in the discharge of her debts by representing to the bankruptcy court that she had no claims against others, judicial estoppel barred her from "assert[ing] the opposite in order to win a second time." *Id.*

However, the facts in this case can be distinguished from *Cannon-Stokes* and the majority of the cases Defendant cites, where, following *Cannon-Stokes*, plaintiffs are judicially estopped from asserting *known* legal claims that they failed to report as assets during bankruptcy proceedings. In those cases, the plaintiffs had already begun legal or administrative proceedings on their claims during the pendency of their bankruptcy proceedings. *See, e.g.*, *Davis v. Village of Caseyville*, No. 05 C 455, 2007 WL 551584 (S.D. Ill. Feb. 20, 2007) ("Davis did not amend his bankruptcy pleadings to reflect this cause of action, which happened on June 24, 2004 and was filed in this Court on June 25, 2005 (all during the pendency of his bankruptcy proceedings)."). Because those plaintiffs knew of their claims, their failure to disclose them to the bankruptcy courts amounted to a concealment of that asset.

A slightly closer analogy to the facts in this case can be found in *Thompson v. O'Bryant*, No. 08 C 68, 2008 WL 1924954 (N.D. Ill. April 30, 2008). In that case, the plaintiff had prepared a five-count complaint and faxed it to the defendants, but did not file the complaint in a court. Five days later, he filed for bankruptcy but never disclosed his potential claims as assets. Two weeks after the dismissal of the bankruptcy petition, the plaintiff filed his complaint. Because the plaintiff knew of his claims (and even went so far as to draft a complaint and deliver it to the eventual defendants), the court held that the plaintiff had acted to conceal his claims from the bankruptcy court. As such, the doctrine of judicial estoppel barred the plaintiff from capitalizing on his deceitful strategy. *Id.* at *3. However, *Thompson* can also be distinguished

5

from the instant case. Plaintiff did not file her claims until seven months after the discharge of her debts in bankruptcy court and nearly two years after her FMLA cause of action accrued. None of Plaintiff's filings thus far suggest that she actually knew of her FMLA cause of action during the pendency of her bankruptcy proceedings.[1] Thus, unlike the *Thompson* plaintiff, the facts as they have been pled do not suggest Plaintiff's concealment or denial of known assets.

Judicial estoppel is designed to "prevent the perversion of the judicial process" "by making litigants choose one position irrevocably [and] . . . rais[ing] the cost of lying." *Cannon-Stokes*, 453 F.3d at 448. The doctrine may apply when "(1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *United States v. Christian,* 342 F.3d 744, 747 (7th Cir. 2003). Permitting Plaintiff's claim to go forward in this Court might allow "the party seeking to assert an inconsistent position [to] . . . derive an unfair advantage," *id.*, because Plaintiff would benefit from the discharge of her debts and still preserve a potentially lucrative claim against Defendant, a result that would weigh in favor of the application of judicial estoppel here. Still, equity must recognize a difference between a plaintiff who deliberately waits until the resolution of her bankruptcy proceedings to file a lawsuit on a known previously existing claim, and a plaintiff who does not learn until after her bankruptcy that the way her employer treated her could give rise to a lawsuit for damages. The Seventh Circuit has applied judicial estoppel in the former situation, but has not passed judgment on the latter. Indeed, it would be inequitable to

---

[1] Contrary to Defendant's assertion, nowhere in Plaintiff's response to Defendant's Motion to Dismiss does Plaintiff admit that she was "aware of her FMLA claim against Walgreens during the pendency of her Chapter 13 bankruptcy proceeding." Def.'s Reply 1.

6

fault Plaintiff for her ignorance of the law and wield judicial estoppel against her under the facts as pled.

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. It is possible that further discovery will reveal that Plaintiff actually knew of her claim during the pendency of her bankruptcy proceedings, but those facts are not now known to this Court. Thus, for the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

Enter:
/s/ David H. Coar
David H. Coar
United States District Judge

**Dated:** May 11, 2009